IVAN STEPHAN FISHER
ATTORNEY AT LAW
125 East 50th STREET
NEW YORK, NEW YORK 10022

Tel.: (212) 517-5000
Fax: (917) 332-5501

November 12, 2010

**By ECF**

Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    United States v. Lopez
                10 Cr. 798 (PAC)

Dear Judge Crotty:

     I am writing in response to the government's motion to disqualify me from representing my client, Amaury Lopez. For the reasons that follow, this Court should conclude that, in view of the government's assertion that it intends to supersede the present indictment with an indictment charging both Lopez and Fabio Morel, the present motion should not be heard by this Court. Moreover, the Court that ultimately decides this application should conclude that the government has failed to demonstrate a valid basis for depriving Lopez of his right to representation by his counsel of choice.

     **A.    Based on the Government's Stated Intention to File a
           Superseding Indictment Naming Lopez as a Co-Defendant
           of Fabio Morel and William Pozo, this Matter Should be
           Referred to Hon. William T. Duffy**

     The government has advised the Court that it intends to name Lopez as an additional defendant in *United States v. Morel*, 10 Cr. 668 (KTD), an indictment that has been pending before Hon. Kevin T. Duffy since July of 2010, and it urges this Court to consider the present motion "in the context of the joint representation of [Fabio] Morel and Lopez in the same criminal case." Govt. Mem., p. 1, n. 1. *See also* Govt. Mem., p. 5.

If the government in fact anticipates a joint indictment and trial of Lopez, Morel, and William Pozo (who is also a defendant in 10 Cr. 668 (KTD)), it was obligated to notify this Court of that fact from the outset, and this case should have been consolidated with the earlier indictment pending before Judge Duffy. Rule 1.6(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides that:

> It shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the clerk all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same judge, in order to avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such relationship, said attorney shall notify the clerk in writing, who shall transmit that notification to the judges to whom the cases have been assigned.

In view of the facts now alleged by the government, the present case and the indictment pending before Judge Duffy are clearly "related," and, consistent with the Local Rules of this Court, the matter should be transferred to the Judge presiding over "the related case with the lowest docket number." Rule 15 of the Rules for the Division of Business Among District Judges. Accordingly, we respectfully ask that the present matter be transferred to Judge Duffy for consideration of the present motion and for all other purposes.[1]

### B. The Government Has Failed to Demonstrate a Valid Reason for Depriving Lopez of His Right to Waive Potential Conflicts and Be Represented by His Counsel of Choice

The court that ultimately decides the present motion should recognize that the government has not demonstrated a basis for the ruling it seeks. Indeed, although its memorandum makes passing reference to a defendant's general right to representation by counsel of choice, it ignores the Court of Appeals' holding that there are only a "very narrow category of cases" in which attorney conflicts should be deemed unwaivable. *United States v. Perez*, 325 F.3d 115, 126 (2d Cir. 2003). Despite its efforts, the

---

[1]As I have previously stated, I do not intend to represent more than one defendant at a joint trial; accordingly, to the extent that the government's application for disqualification is based on a potential conflict arising from joint representation in that context, it is moot.

government has failed to demonstrate that this is one of the rare cases in which a potential conflict cannot be waived.

The government's primary contention is based on the premise that I will be called as a prosecution witness. The government has failed to demonstrate, however, that the testimony it would seek to elicit would be admissible. Although it takes issue with the argument that counsel's investigative efforts are protected from governmental intrusion, it does not attempt to explain why the "privacy" of such efforts, as recognized in *In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 160 (2d Cir. 2002), *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947), and *In re Terkeltoub*, 256 F.Supp. 693 (S.D.N.Y. 1996) – all of which were cited in our memorandum, but ignored in the government's – should be invaded in the present case. The government also declines to address the exception to Rule 3.7 of the New York Rules of Professional Conduct that applies when "disqualification of the lawyer would work substantial hardship on the client."

Instead, the government relies on cases that are entirely inapposite. In *United States v. Jones*, 381 F.3d 114 (2d Cir. 2004), for example, it appeared that defense counsel had passed confidential materials obtained in one client's case to another client, who altered the operations of his drug business in response to that information. Consequently, the situation in *Jones* was analogous to that in *United States v. Fulton*, 5 F.3d 605, (2d Cir. 1993), in which the defense attorney was implicated in the same criminal activity with which his client was charged. In the present case, there is no comparable suggestion that any disclosure was made of "confidential" material, or that any action by counsel was intended to further an ongoing drug conspiracy. *See Jones*, 381 F.3d at 120. Although *Jones* discussed the attorney's potential testimony as a secondary ground for disqualification, it did so in the context of potential testimony that could not possibly be avoided by a stipulation. *See* 381 F.3d at 121; *cf. Perez*, 325 F.3d at 128. Notably, in the present case, the government has never even considered the possibility of proving the facts it deems relevant by a stipulation or any other method that would obviate the need to call counsel as a witness.

The government's reliance on *United States v. Locascio*, 6 F.3d 924 (2d Cir. 1993), is similarly misplaced. In *Locascio*, the attorney allegedly served as "house counsel" to the criminal enterprise that was the subject of the indictment and thus had "first-hand knowledge" of facts pertaining to the commission of the charged crime. 6 F.3d at 933. There is no similar allegation in the present case. Rather, any information counsel theoretically could have about either Lopez or Morel's involvement in the charged offense would not be based on "first-hand knowledge," but would necessarily be

based on privileged attorney-client communications. The government fails to identify a legal theory pursuant to which counsel could be compelled to testify about such matters.[2]

      Contrary to the government's implication, there is no authority for the proposition that potential conflicts that are waivable become unwaivable if the government raises more than one in the same case. As we have consistently acknowledged, the issues raised by the government warrant a *Curcio* hearing. We urge the Court to conclude, however, that they do not warrant a judicial order that would deprive a defendant of his right, after being fully apprised of his rights and the conflicts that could potentially arise, to make an informed decision regarding the attorney by whom he wishes to be represented in a proceeding at which his liberty will be at stake.

      Respectfully,

/s/
Ivan S. Fisher
*Attorney for Defendant
Amaury Lopez*

---

[2] The government also cites *United States v. Kliti*, 156 F.3d 150 (2d Cir. 1998), but that case held only that the district court erred by failing to conduct a *Curcio* hearing to determine if the defendant was willing to waive his right to call his attorney as a witness. Because *Kliti* did not hold that the potential that the attorney could be a witness required his disqualification, it does not support the government's present motion.