UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA
                                   :
        - v. -
                                   :   S2 10 Cr. 798 (PAC)
AMAURY LOPEZ JR.,
    a/k/a "Junior,"                :
AMAURY LOPEZ SR.,
FABIO MOREL,                       :
    a/k/a "Fabian Luna,"
    a/k/a "Efrain Delvalle,"       :

        Defendants.                :
- - - - - - - - - - - - - - - - - x


# GOVERNMENT'S REVISED REQUESTS TO CHARGE

                    PREET BHARARA
                    United States Attorney
                    Southern District of New York
                    Attorney for the United States
                        of America


AIMEE HECTOR
DAVID MILLER
Assistant United States Attorneys

        - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA
                                    :
          - v. -
                                    :
AMAURY LOPEZ JR.,                        S2 10 Cr. 798 (PAC)
     a/k/a "Junior,"                :
AMAURY LOPEZ SR.,
FABIO MOREL,                        :
     a/k/a "Fabian Luna,"
     a/k/a "Efrain Delvalle,"       :

          Defendants.              :
- - - - - - - - - - - - - - - - - x

## GOVERNMENT'S REQUESTS TO CHARGE

          Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury.

**TABLE OF CONTENTS**

REQUEST NO.                                                    PAGE

1          General Requests.. . . . . . . . . . . . . . . . 1

2          Summary of the Superseding Indictment. . . . . . 2

**Count One: Narcotics Conspiracy**

3          Count One: Narcotics Conspiracy
           General Instructions (21 U.S.C. § 846).. . . . . 4

4          Count One: Narcotics Conspiracy
           Elements of the Conspiracy.. . . . . . . . . . . 6

5          Count One: Narcotics Conspiracy
           First Element - Existence of the Conspiracy. . . 8

6          Count One: Narcotics Conspiracy
           First Element – Objects of the Conspiracy. . . 14

7          Count One: Narcotics Conspiracy
           First Element – Objects of the Conspiracy
           Definitions of Distribution and
           Possession with Intent to Distribute.. . . . . 15

8          Count One: Narcotics Conspiracy
           Second Element – Membership in the Conspiracy. 19

9          Count One: Narcotics Conspiracy
           Duration of and Extent of
           Involvement in the Conspiracy. . . . . . . . . 25

10         Count One: Narcotics Conspiracy
           Overt Acts.. . . . . . . . . . . . . . . . . . 28

11         Count One: Narcotics Conspiracy
           Time of Conspiracy.. . . . . . . . . . . . . . 29

12         Count One: Narcotics Conspiracy
           Liability for Acts and
           Declarations of Co-Conspirators. . . . . . . . 30

13         Count One: Narcotics Conspiracy
           Special Interrogatory on Drug Quantity.. . . . 31

**Counts Two and Three: Possession with**
**Intent to Distribute a Controlled Substance**

14          Counts Two and Three:
            Possession with Intent to
            Distribute a Controlled Substance
            General Instructions (21 U.S.C. § 841) . . . .  33

15          Counts Two and Three:
            Possession with Intent to
            Distribute a Controlled Substance – Elements..  34

**Count Four: Attempted Distribution and**
**Possession with Intent to Distribute a Controlled Substance**

16          Count Four: Attempted Distribution and
            Possession with Intent to Distribute a
            Controlled Substance:
            General Instructions (21 U.S.C. § 846) . . . .  36

17          Count Four: Attempted Distribution and
            Possession With Intent to Distribute a
            Controlled Substance – Elements. . . . . . . .  37

18          Counts Two, Three, and Four:
            Special Interrogatory on Drug Quantity.. . . .  41

19          Counts Two, Three, and Four:
            Aiding and Abetting. . . . . . . . . . . . . .  44

**Additional Requests**

20          Venue. . . . . . . . . . . . . . . . . . . . .  47

21          Expert Witnesses.. . . . . . . . . . . . . . .  49

22          Variance in Dates. . . . . . . . . . . . . . .  51

23          Particular Investigative Techniques
            Not Required [If Applicable] . . . . . . . . .  52

24          Use of Audio Recordings and Transcripts . . . .  53

25          Cooperating Witness. . . . . . . . . . . . . .  56

REQUEST NO.                                                      PAGE

26      Use of Evidence Obtained
        Pursuant to Consensual Recordings .. . . . . .    60

27      Use of Evidence Obtained Pursuant to Search. .    61

28      Law Enforcement Witnesses. . . . . . . . . .      62

29      Preparation of Witnesses . . . . . . . . . .      63

30      Stipulation of Facts [If Applicable] . . . . .    64

31      Stipulation of Testimony [If Applicable] . . .    65

32      Persons Not on Trial or Not Indicted.. . . . .    66

33      Defendant's Right Not To Testify
        [If Requested by Defense]. . . . . . . . . .      68

34      Defendant's Testimony
        [Requested Only if a Defendant Testifies]. . .    69

35      Statements of a Defendant [If Applicable]. . .    70

36      Character Testimony [If Applicable]. . . . . .    71

37      Uncalled Witnesses - Equally Available to
        Both Sides [If Applicable].. . . . . . . . .      73

38      Limiting Instruction – Similar Act
        Evidence [If Applicable].. . . . . . . . . .      74

39      Charts and Summaries [If Applicable] . . . . .    76

        CONCLUSION . . . . . . . . . . . . . . . . . .    78

## REQUEST NO. 1

## General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a. Function of Court and Jury.

b. Superseding Indictment Not Evidence.

c. Statements of Court and Counsel Not Evidence.

d. Burden of Proof and Presumption Of Innocence.

e. Reasonable Doubt.

f. Jury's Recollection Controls.

g. Inferences.

h. Government Treated Like Any Other Party.

i. Definitions, Explanations and Example Of Direct and Circumstantial Evidence.

j. Credibility Of Witnesses.

k. Rulings on Evidence and Objections.

l. Right to See Exhibits and Have Testimony Read During Deliberations.

m. Sympathy: Oath Of Jurors.

n. Punishment Is Not To Be Considered By The Jury.

o. Verdict Of Guilt Or Innocence Must Be Unanimous.

## Summary of the Superseding Indictment

The defendants, AMAURY LOPEZ JR., a/k/a "Junior," AMAURY LOPEZ SR., and FABIO MOREL, a/k/a "Fabian Luna," a/k/a "Efrain Delvalle," are formally charged in a Superseding Indictment. As I instructed you at the outset of this case, the Superseding Indictment is a charge or accusation. It is not evidence.

The Superseding Indictment in this case contains four counts. Count One of the Superseding Indictment charges that the defendants conspired with others known and unknown to violate the federal narcotics laws. Specifically, Count One charges the defendants, and others known and unknown, with conspiring to distribute, and to possess with the intent to distribute, five kilograms and more of mixtures and substances containing a detectable amount of cocaine. The conspiracy charged in Count One is alleged to have taken place from at least in or about in or about 2002 up to and including September 2010.

In reaching your verdict on Count One, however, you must bear in mind that guilt is individual. As a matter of law, you must consider each defendant's involvement separately and you must return a separate verdict for each defendant.

Count Two of the Superseding Indictment charges the defendant, AMAURY LOPEZ JR., a/k/a "Junior," with the crime of

distributing, or possessing with the intent to distribute, 500 grams and more of mixtures and substances containing a detectable amount of cocaine.  The crime charged in Count Two is alleged to have occurred in or about September 2010.

Count Three of the Superseding Indictment charges the defendant, FABIO MOREL, a/k/a "Fabian Luna," a/k/a "Efrain Delvalle," with the crime of distributing, or possessing with the intent to distribute, 500 grams and more of mixtures and substances containing a detectable amount of cocaine.  The crime charged in Count Three is alleged to have occurred on or about April 29, 2010.

Count Four of the Superseding Indictment charges the defendant, AMAURY LOPEZ SR., with the crime of attempting to distribute, or to possess with the intent to distribute, five kilograms and more of mixtures and substances containing a detectable amount of cocaine.  The crime charged in Count Four is alleged to have occurred on or about February 19, 2009 through on or about February 20, 2009.

**Count One: Narcotics Conspiracy**
**General Instructions (21 U.S.C. § 846)**

As I said, Count One charges the defendants with participating in a conspiracy to violate the narcotics laws of the United States. Specifically, the Superseding Indictment charges, and I am reading now from the Indictment, that:

> *[The Court is respectfully requested to read*
> *Count One of the Superseding Indictment, up*
> *to the overt acts.]*

The Superseding Indictment also lists certain overt acts that are alleged to have been committed in furtherance of the conspiracy, as well as the particular statute alleged to have been violated.

What is a conspiracy? A conspiracy is a kind of criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy — or agreement — to violate a federal law, as charged in this Superseding Indictment, is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find a defendant guilty of the crime of conspiracy, even if you find that he never

4

actually committed the substantive crime that was the object of the conspiracy.  In other words, you may find a defendant guilty of the crime of conspiracy to distribute a controlled substance or to possess a controlled substance with intent to distribute it — in other words, agreeing to distribute or to possess with intent to distribute a controlled substance — even if there was no *actual* distribution or possession with the intent to distribute a controlled substance.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no drugs are actually distributed or possessed with intent to distribute.

> Adapted from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); Sand, <u>et al.</u>, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 19-2. <u>See</u> <u>United</u> <u>States</u> v. <u>Labat</u>, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**REQUEST NO. 4**

**Count One: Narcotics Conspiracy**
**Elements of the Conspiracy**

To sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Superseding Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Superseding Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or to possess narcotics with the intent to distribute them.

Therefore, the first question for you is: Did the conspiracy alleged in the Superseding Indictment exist? Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant you are considering knowingly became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute narcotics.

> Adapted from the charge of the
> Honorable Leonard B. Sand in United
> States v. Rios, 91 Cr. 914 (LBS)
> (S.D.N.Y. 1992). Under Section 846,
> it is not necessary for the
> Government to allege or prove even
> one overt act. See United States

6

v. <u>Shabani</u>, 115 S. Ct. 382, 385
(1994) (Government need not prove
commission of any overt acts in
furtherance of conspiracy in
violation of section 846
conspiracy); <u>United</u> <u>States</u> v.
<u>Story</u>, 891 F.2d 988, 992 (2d Cir.
1989) ("The only elements of a
section 846 narcotics conspiracy
offense are the existence of a
conspiracy and defendant's willful
joining it."); <u>United</u> <u>States</u> v.
<u>Knuckles</u>, 581 F.2d 305, 311 (2d
Cir. 1978); <u>United</u> <u>States</u> v.
<u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir.
1975).

**Count One: Narcotics Conspiracy**
**First Element – Existence of the Conspiracy**

Now, let us turn to the first element that the
Government must establish beyond a reasonable doubt, the
existence of the conspiracy.  What is a conspiracy?  Simply
defined, a conspiracy is an agreement by two or more persons to
violate the law.  In this instance, the unlawful purposes alleged
to have been the object of the conspiracy charged in Count One
are the distribution of a controlled substance or the possession
with intent to distribute it.

The gist, or the essence, of the crime of conspiracy is
the unlawful combination or agreement to violate the law.  The
success or failure of a conspiracy is not material to the
question of guilt or innocence of the conspirator, for a
conspiracy is a crime entirely separate and distinct from the
substantive crime that may be the goal of the conspiracy.  The
crime of conspiracy is complete once the unlawful agreement is
made.

To establish a conspiracy, the Government is not re-
quired to show that two or more persons sat around a table and
entered into a solemn compact, orally or in writing, stating that
they have formed a conspiracy to violate the law and setting
forth details of the plans and the means by which the unlawful
project is to be carried out or the part to be played by each

conspirator.  Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans.  From its very nature, a conspiracy is almost invariably secret in its origin and execution.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed.  You need only find that the defendant you are considering entered into the unlawful agreement alleged in the Superseding Indictment with one or more other persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose.  The adage "actions speak louder than words" is applicable here.

Often, the only evidence available is that of discon-nected acts which, when taken together in connection with each other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself. But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the charged conspiracy actually existed, you may consider all the evidence of the acts, conduct and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in Count One of the Superseding Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual under-

standing, either spoken or unspoken, to violate the law in the manner charged in Count One of the Superseding Indictment.

Object of Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.  The Superseding Indictment charges that the objectives of the conspiracy were the distribution of and possession with intent to distribute a controlled substance. I will define the terms "distribution" and "possession" for you in a moment.  As I will explain in more detail in a few moments, to "distribute" means simply to transfer to another.  It does not require a sale.  "Possession with intent to distribute" simply means the possession of a controlled substance with the intention, or purpose, to distribute it to another person or persons.

Let me note that the Government need prove only that the defendant conspired to distribute the controlled substance or that he conspired to possess the controlled substance with the intent to distribute it.  The Government need not prove both.  I will define the terms distribution and possession for you later in these instructions.  If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Superseding Indictment existed, then you must next determine the second question:  Whether each of the defendants participated

in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

Quantity

Before I go further, let me note something regarding the quantity and purity of drugs involved. I instruct you that the actual quantity and purity of the controlled substance involved in the charged conspiracy is not an element of this crime, so you need not be concerned with quantity or purity in determining whether the defendants are guilty or not guilty. In order to determine whether the defendants are guilty, you need only find beyond a reasonable doubt that a conspiracy existed to distribute, or possess with the intent to distribute, some amount of a controlled substance.

As I will explain later, however, if you do find that the Government has proved the elements of Count One of the Superseding Indictment beyond a reasonable doubt, you will then be asked to make a finding about quantity.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v.
> Rios, 91 Cr. 914 (S.D.N.Y. 1992), the
> charge of the Honorable Kevin T. Duffy
> in United States v. Ogarro, 92 Cr. 114
> (S.D.N.Y. 1992), the charge of the
> Honorable Kevin T. Duffy in United
> States v. Burnett, 92 Cr. 731 (S.D.N.Y.
> 1993); and the charge of the Honorable
> Laura Taylor Swain in United States v.
> Jose Ovalle, 02 Cr. 975 (S.D.N.Y. 2003);
> Sand, et al., Modern Federal Jury
> Instructions, Instr. 19-4.

See <u>United</u> <u>States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); <u>United</u> <u>States</u> v. <u>Montour</u>, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the Government can demonstrate that the defendants acted together with others to realize a common goal") (citations omitted); <u>United</u> <u>States</u> v. <u>Rubin</u>, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

## REQUEST NO. 6

## Count One: Narcotics Conspiracy
## First Element - Objects of the Conspiracy

As I have just described, the prosecution must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to possess and distribute cocaine in the manner charged in Count One. Now, the second part of the first element relates to the object, or the objective, of the conspiracy. Count One of the Superseding Indictment charges that the objects of the conspiracy were the distribution of cocaine and the possession of cocaine with the intent to distribute it. Specifically, and I am now reading from the Superseding Indictment, the prosecution alleges that:

> *[The Court is respectfully requested to read from Count One of the Superseding Indictment.]*

Now I will instruct you now about these objects by defining the terms "distribution" and "possession with intent to distribute."

> Adapted from the charge of the
> Honorable Richard J. Sullivan in
> United States v. Samuels, 08 Cr.
> 789 (RJS) (S.D.N.Y. 2009).

**REQUEST NO. 7**

**Count One: Narcotics Conspiracy
First Element – Objects of the Conspiracy
Definitions of Distribution and
Possession with Intent to Distribute**

"Distribution"

The word "distribution" means the actual, constructive or attempted transfer of the drug. To distribute simply means to deliver, to pass over, to hand over something to another person, or to cause it to be delivered, passed on or handed over to another. Distribution does not require a sale.

"Possession with Intent to Distribute"

What does "possession with intent to distribute" mean? I will first discuss the concept of "possession," and then discuss the concept of "intent to distribute."

"Possession"

We begin with the concept of "possession." The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen. However, a person need not have actual, physical possession, that is, physical custody of an object in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in

possession of that article.  This is called constructive possession.

Control over an object may be demonstrated by the existence of a working relationship between the person having such control and the person with actual physical custody.  The person having control possesses them because he has an effective working relationship with the people who have actual physical custody of them, and because he can direct the movement or transfer or disposition of those things.  In this manner, a businessman may possess things that are scattered throughout a number of stores or offices or installations around and about a city or a country.

More than one person can have control over the same narcotics.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.  That is what is meant by "possession."

"Intent to Distribute"

"Possession with intent to distribute," means that a defendant possessed the substances with a state of mind or purpose to transfer them to another person.

Since no one can read a defendant's mind, the determination as to a defendant's intent is inferred from his behavior. Basically, the question with regard to the intent

16

aspect of the underlying offense is whether any drugs in a defendant's possession, that is, subject to his control in the manner I have indicated, were for his personal use or for the purpose of distribution, or delivery to another.

Often it is possible to make the determination as to whether drugs were possessed "with intent to distribute" from the quantity of drugs that a defendant may have possessed, although the possession of a large quantity of narcotics does not necessarily mean that the defendants intended to distribute them. On the other hand, a defendant may have intended to distribute a controlled substance even if he did not possess a large amount of it. Other physical evidence, such as paraphernalia for the packaging and processing of drugs, can show an intent to distribute. It might also be evidence of a plan or a scheme to distribute. You should make your decision whether the Government has proved beyond a reasonable doubt that the defendants committed the offense charged in Count One of the Superseding Indictment from all of the evidence presented in this case.

> Adapted from the charge of the
> Honorable Leonard B. Sand in United
> States v. Rios, 91 Cr. 914 (LBS)
> (S.D.N.Y. 1992), and from the
> charge of the Honorable John M.
> Walker in United States v. Torres,
> 87 Cr. 593 (JMW) (S.D.N.Y. 1988),
> aff'd, 901 F.2d 205, 221, 243-44
> (2d Cir.) (specifically approving
> charge on possession), cert.
> denied, 111 S.Ct. 273 (1990). See
> also Sand et al., Modern Federal

<u>Jury Instructions</u>, Instr. 56-9, 56-12, and 56-13.

**Count One: Narcotics Conspiracy**
**Second Element - Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must next determine the second question, and that is whether the defendant you are considering participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

The Government must prove by evidence of the defendant's own actions and conduct beyond a reasonable doubt that he knowingly and intentionally entered into the conspiracy, the agreement, with a criminal intent, that is, with a purpose to violate the law, and agreed to take part in the conspiracy to promote and cooperate in one of its unlawful objectives.

As you can see, this element concerns a person's state of mind. Direct proof of state of mind is not always available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with a certain state of mind. Such direct proof is not required.

"Knowingly" and "Intentionally" Defined

As to this element, the terms "knowingly" and "intentionally" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that

the defendant you are considering did join the conspiracy), the defendant you are considering knew what he was doing -- that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposefully; that is, a defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts alleged to have taken place by or with the defendants or in their presence. The Government contends that these acts show beyond a reasonable doubt knowledge on the part of the defendants of the unlawful purposes of the conspiracy.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common

sense means that, when you come to decide, for example, whether the defendant you are considering possessed narcotics with an intent to distribute, you don't limit yourself to just what he said, but you also look at what he did and what others did in relation to him and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

By pleading not guilty, each of the defendants denies that he was a member of this conspiracy. It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of the defendant you are considering existed.

It is not necessary that the defendant you are considering be fully informed as to all the details of the conspiracy to justify an inference of knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that the defendant know every other member of the conspiracy. In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a

financial stake in the outcome, so long as he in fact
participated in the conspiracy in the manner I have explained.

Conscious Avoidance

Let me say one other thing about the knowledge element
regarding the objectives or purposes of the conspiracy. In
determining whether the defendant you are considering acted
knowingly and intentionally regarding the objectives or purposes
of the conspiracy, you may consider whether the defendant
deliberately closed his eyes to what otherwise would have been
obvious.

The necessary knowledge on the part of the defendant
you are considering cannot be established by showing that the
defendant was careless, negligent or foolish. However, a person
may not willfully and intentionally remain ignorant of a fact
material and important to his conduct in order to escape the
consequences of criminal law. If you find beyond a reasonable
doubt that the defendant you are considering was aware that there
was a high probability that the object of the agreement was to
distribute or possess with intent to distribute a controlled
substance but deliberately and consciously avoided confirming
this fact, then you may treat this deliberate avoidance of
positive knowledge as the equivalent of knowledge, unless you
find that the defendant you are considering actually believed
that the object of the conspiracy was not to distribute or
possess with intent to distribute a controlled substance.

22

Let me caution you that this legal principle regarding the deliberate closing of the eyes has no bearing on whether a conspiracy existed or even whether the defendant you are considering became a member of the conspiracy, rather, if the Government proves beyond a reasonable doubt that the conspiracy existed and that the defendant you are considering became a member of the conspiracy, the Government may then prove that the defendant acted with knowledge of the illegal objectives or purposes by showing that he deliberately closed his eyes to what otherwise would have been obvious.

In short, if you find that the defendant you are considering was aware of a high probability that the object of the conspiracy was to violate federal law, and that he acted with deliberate disregard of that fact, you may find that he acted knowingly.  However, if you find that the defendant you are considering actually believed that the object of the conspiracy was lawful, he may not be convicted.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM), aff'd mem., 990 F.2d 622 (2d Cir. 1993), and from Sand, et al., Modern Federal Jury Instructions, Instr. 19-6.  See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful

acts of the conspiracy committed both before and after he or she became a member.") (citations omitted).  See also United States v. Miranda-Ortiz, 926 F.2d 172, 175-6 (2d Cir.) (generally discussing proof required to show membership in conspiracy), cert. denied, 112 S. Ct. 347 (1991); and United States v. Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir. 1990) (same), cert. denied, 111 S. Ct. 2858 (1991).

## Count One: Narcotics Conspiracy
## Duration of and Extent of Involvement in the Conspiracy

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. Each of the defendants need not have joined the conspiracy at the outset. A defendant may have joined it for any purpose at any time in its progress, and the defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant have participated in the

conspiracy with knowledge of its unlawful purposes and with an
intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant you are considering, with an
understanding of the unlawful character of the conspiracy, must
have intentionally engaged, advised or assisted in it for the
purpose of furthering an illegal undertaking.  A defendant
thereby becomes a knowing and willing participant in the unlawful
agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue
until either its objective is accomplished or there is some
affirmative act of termination by its members.  So, too, once a
person is found to be a member of a conspiracy, that person is
presumed to continue being a member in the venture until the
venture is terminated, unless it is shown by some affirmative
proof that person withdrew and disassociated himself from it.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992), the charge of
> the Honorable Michael B. Mukasey in United
> States v. Bello, 91 Cr. 571 (MBM), aff'd
> mem., 990 F.2d 622 (2d Cir. 1993), and from
> the charge of the Honorable Laura Taylor
> Swain in United States v. Ovalle, 02 Cr. 975
> (LTS) (S.D.N.Y. 2003), and from Sand, et al.,
> Modern Federal Jury Instructions, Instr. 19-
> 6.  See United States v. Rea, 958 F.2d 1206,
> 1214 (2d Cir. 1992) ("The defendant's
> knowledge of the conspiracy and participation
> in it with the requisite criminal intent may
> be established through circumstantial
> evidence.  A defendant need not have joined a
> conspiracy at its inception in order to incur
> liability for the unlawful acts of the
> conspiracy committed both before and after he

or she became a member.") (citations omitted).  <u>See</u> <u>also</u> <u>United</u> <u>States</u> v. <u>Miranda-Ortiz</u>, 926 F.2d 172, 175-6 (2d Cir.) (generally discussing proof required to show membership in conspiracy), <u>cert</u>. <u>denied</u>, 112 S. Ct. 347 (1991); and <u>United</u> <u>States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same), <u>cert</u>. <u>denied</u>, 111 S. Ct. 2858 (1991).

## Count One: Narcotics Conspiracy
## Overt Acts

Count One of the Superseding Indictment contains a section entitled "overt acts." These "overt acts" provide an example of conduct alleged by the Government to have been undertaken by the defendants to further or promote the illegal objective of the conspiracy. The "Overt Acts" portion of Count One of the Superseding Indictment alleges:

> *[The Court is respectfully requested to read the "OVERT ACTS" section of the Superseding Indictment.]*

Although the Superseding Indictment lists overt acts, the Government need not prove that the defendants or any co-conspirators committed any overt act. As I have told you, to prove a conspiracy, the Government need only prove the existence of the conspiracy charged, and the defendant's knowing participation in the conspiracy.

> Adapted from the charge of the Honorable Colleen McMahon in United States v. Watson, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003), and the Honorable Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000). See United States v. Shabani, 115 S.Ct. 382, 385 (1994); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

**Count One: Narcotics Conspiracy**
**Time of Conspiracy**

Count One alleges that the conspiracy existed from at least in or about 2002 up to and including September 2010. It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates. Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates that I just mentioned.

Adapted from the charge of the Honorable
John F. Keenan in <u>United States v. Carrero</u>,
91 Cr. 365 (S.D.N.Y. 1991); Sand, <u>et al.</u>,
<u>Modern Federal Jury Instructions</u> Instr. 3-12.

## REQUEST NO. 12

### Count One: Narcotics Conspiracy
### Liability for Acts and Declarations of Co-Conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against each of the defendants any acts or statements made by any of the people that you find, under the standards I have already described, to have been his co-conspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

> See United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir. 1982)(specifically mandating that juries not be invited to reconsider admissibility of co-conspirator hearsay)

<u>**REQUEST NO. 13**</u>

**Count One: Narcotics Conspiracy**
<u>**Special Interrogatory on Drug Quantity**</u>

If, and only if, you find that the Government has
proved beyond a reasonable doubt that the defendant you are
considering is guilty of participating in a conspiracy that had
as its objective the distribution of a controlled substance or
possession with intent to distribute a controlled substance,
then you are asked to make a finding, called a special
interrogatory, as to quantity.

You do not need to determine the precise quantity of
the controlled substance involved in the conspiracy.  Rather,
you need only decide whether the conspiracy involved more than
certain specified amounts of the controlled substance and
whether the amount was either known to the defendant you are
considering or reasonably foreseeable to him, and within the
scope of the criminal activity that he jointly undertook.

The specified amount is five kilograms and more of
mixtures and substances containing a detectable amount of
cocaine.

Your determinations on drug quantity must be unanimous
and beyond a reasonable doubt.  You will be given a verdict
sheet on which to record the jury's answer to this question.

<u>See</u> <u>Apprendi</u> <u>v.</u> <u>New</u> <u>Jersey</u>, 530
U.S. 466 (2000); <u>United</u> <u>States</u> <u>v.</u>
<u>Gonzalez</u>, 420 F.3d 111, 125 (2d

Cir. 2005); <u>United States</u> <u>v.</u> <u>Thomas</u>, 274 F.3d 655 (2d Cir. 2001)(en banc); <u>United States</u> <u>v.</u> <u>Martinez</u>, 987 F.2d 920, 925-26 (2d Cir. 1993) (noting that a co-conspirator "should not be sentenced for certain conspiratorial acts unless there is proof that he knew or should have known about the details of these conspiratorial acts"); <u>United States</u> <u>v.</u> <u>Velasquez</u>, 28 F.3d 2, 5 (2d Cir. 1994) (holding that the "reasonable foreseeability" requirement does not apply to conduct "that the defendants personally undertakes" and that the Sentencing Guidelines, including the definition of relevant conduct in U.S.S.G. § 1B1.3, "are simply an extension of the statutory sentencing scheme"); <u>United States</u> <u>v.</u> <u>Chalarca</u>, 95 F.3d 239, 243 (2d Cir. 1996) ("[T]he quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction.") (construing the Sentencing Guidelines); <u>United States</u> <u>v.</u> <u>Castrillon</u>, 376 F.3d 46, 47 (2d Cir. 2004) (per curiam) (same) (construing 21 U.S.C. § 846).

**Counts Two and Three: Possession with Intent to
Distribute a Controlled Substance
General Instructions (21 U.S.C. § 841)**

Count Two of the Superseding Indictment charges the defendant, AMAURY LOPEZ JR., a/k/a "Junior," with the crime of distributing, or possessing with the intent to distribute, cocaine in or about September 2010.

I will now read Count Two to you. Count Two reads:

*[The Court is respectfully requested to read Count Two of the Superseding Indictment]*

Count Three of the Superseding Indictment charges the defendant, FABIO MOREL, a/k/a "Fabian Luna," a/k/a "Efrain Delvalle," with the crime of distributing, or possessing with the intent to distribute, cocaine on or about April 29, 2010.

I will now read Count Three to you. Count Three reads:

*[The Court is respectfully requested to read Count Three of the Superseding Indictment].*

**Counts Two and Three: Possession with Intent to Distribute a Controlled Substance – Elements**

To sustain its burden of proof on the charge of distribution and possession with intent to distribute, the Government must prove the following elements beyond a reasonable doubt:

First, that on or about the date charged in the Superseding Indictment, the defendant you are considering either distributed a controlled substance or possessed a controlled substance with the intent to distribute it.

I have already discussed the concepts of "distribution," "possession," and "intent to distribute" in connection with the conspiracy charge. Those instructions apply equally here.

Second, that he did so intentionally and knowingly.

I have already discussed the terms "intentionally" and "knowingly" in connection with the conspiracy charge. Those instructions apply equally here.

Third, that the substance involved was in fact a controlled substance.

Let me instruct you that cocaine is a controlled substance.

As long as you find that the defendant you are considering knowingly distributed or possessed with intent to

distribute a controlled substance, the amount involved, or its

purity, is not important to your determination of the

defendant's guilt or non-guilt.

> Adapted from the charge of the
> Honorable Leonard B. Sand in <u>United
> States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS)
> (S.D.N.Y. 1992). <u>See, e.g.</u>, <u>United
> States</u> v. <u>Olivier-Becerril</u>, 861 F.2d
> 424, 426 (5th Cir. 1988) (setting forth
> elements); <u>United States</u> v. <u>James</u>,
> 555 F.2d 992 (D.C. Cir. 1977) (same).

**Count Four: Attempted Distribution and
Possession with Intent to Distribute a
Controlled Substance: General Instructions (21 U.S.C. § 846)**

Count Four of the Superseding Indictment charges the defendant, AMAURY LOPEZ SR., with the crime of attempting to distribute, or to possess with the intent to distribute, cocaine on or about February 19, 2009 through on or about February 20, 2009.

I will now read Count Four to you. Count Four reads:

*[The Court is respectfully requested to read
Count Four of the Superseding Indictment].*

## Count Four: Attempted Distribution and Possession With Intent to Distribute a Controlled Substance – Elements

Let me say a few words about the meaning of "attempt." An attempt is similar to the crime of conspiracy in that there is no requirement that the attempt be successful or that a defendant actually carried out the crime he was trying to commit. To prove the charge of attempting to distribute or possess with intent to distribute cocaine in Count Four, the Government must prove beyond a reasonable doubt that the defendant willfully took a substantial step to bring about or accomplish the narcotics distribution or possession with intent to distribute.

The Elements

To prove the charges of attempting either to distribute a controlled substance or to possess a controlled substance with the intent to distribute it, the Government must establish beyond a reasonable doubt, one, that the defendant you are considering intended to commit the crime charged, and two, that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. To convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant

37

intended to commit the crime charged and that he took some action which was a substantial step toward the commission of the crime.

In determining whether the defendant's actions amounted to a substantial step toward commission of the crime charged, you must distinguish between mere preparation on the one hand and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt where the acts themselves clearly indicate an intent to willfully commit the crime and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

To sustain its burden of proof on the charges of attempted distribution and possession with the intent to distribute a controlled substance, the Government must prove the following elements beyond a reasonable doubt:

First, that on or about the date charged in the Superseding Indictment, the defendant either attempted to distribute a controlled substance or attempted to possess a controlled substance with the intent to distribute it. I instruct you that cocaine is a controlled substance.

<u>Second</u>, that the defendant did so intentionally and
knowingly.

The Government need not establish that the defendant
ever actually possessed a controlled substance; however, the
Government must prove beyond a reasonable doubt that the
defendant intended to distribute a controlled substance or
intended to possess a controlled substance with the intent to
distribute it when he took action constituting a substantial
step toward the commission of the crime of distribution or
possession with intent to distribute a controlled substance.

As I just said, the first element that the Government
must prove beyond a reasonable doubt is the attempted
distribution or possession with intent to distribute a
controlled substance. I have already defined those terms for
you earlier in my instructions when I instructed you on the
narcotics conspiracy charged in Count One.

The second element requires that the Government prove
beyond a reasonable doubt that the defendant acted intentionally
and knowingly. I have already instructed you on the meaning of
these words in my charge on the narcotics conspiracy charged in
Count One, but let me elaborate a bit further.

To satisfy its burden of proof as to this element, the
Government must prove beyond a reasonable doubt that the
defendant knew that he was attempting to distribute a controlled
substance or knew that he was attempting to possess a controlled

substance and that his actions in distributing a controlled substance or possessing a controlled substance with the intent to distribute them were not due to carelessness, negligence or mistake. Although the Government must prove that the defendant knew that he attempted to distribute or possess a controlled substance, it does not, however, have to prove that the defendant knew the exact nature of the controlled substance he attempted to distribute or possess. It is enough that a defendant knew that he was attempting to distribute or possess some kind of controlled substance.

> Adapted from the charge of the Honorable Laura Taylor Swain in United States v. Jose Ovalle, 02 Cr. 975 (S.D.N.Y. 2003); and Sand et al., Modern Federal Jury Instructions, Instr. 10-1. The Government respectfully requests the Court, contrary to the model attempt instruction in the Modern Federal Jury Instructions, not to provide examples of what actions would constitute a "substantial step" toward the commission of a crime. Judge Sand's treatise points out that, although other circuits apparently approve of the use of such examples, that practice is not favored in the Second Circuit because of criticism found in United States v. Ivic, 700 F.2d 51, 66-68 (2d Cir. 1983). See Sand, et al., Modern Federal Jury Instructions, Instr. 10-7 to 10-8.

**Counts Two, Three, and Four**
**Special Interrogatory on Drug Quantity**

If, and only if, you find that the Government has proved beyond a reasonable doubt that the defendant you are considering is guilty of, in Counts Two and Three, distribution or possession with intent to distribute a controlled substance, and in the case of Count Four, attempt to distribute or possess with intent to distribute a controlled substance, then you are asked to make a finding, called a special interrogatory, as to quantity for that count. This is the same finding that I asked you to make with respect to Count One should the defendant you are considering be guilty of that offense.

As with Count One, you do not need to determine the precise quantity of the controlled substance involved in the offense you are considering. Rather, you need only decide whether the offense involved more than certain specified amounts of the controlled substance and whether the amount was either known to the defendant you are considering or reasonably foreseeable to him, and within the scope of the criminal activity that he undertook.

The specified amount with respect to Counts Two and Three is 500 grams and more of mixtures and substances containing a detectable amount of cocaine.

41

The specified amount with respect to Count Four is five kilograms and more of mixtures and substances containing a detectable amount of cocaine.

Your determinations on drug quantity must be unanimous and beyond a reasonable doubt. You will be given a verdict sheet on which to record the jury's answer to this question.

See Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Gonzalez, 420 F.3d 111, 125 (2d Cir. 2005); United States v. Thomas, 274 F.3d 655 (2d Cir. 2001)(en banc); United States v. Martinez, 987 F.2d 920, 925-26 (2d Cir. 1993) (noting that a co-conspirator "should not be sentenced for certain conspiratorial acts unless there is proof that he knew or should have known about the details of these conspiratorial acts"); United States v. Velasquez, 28 F.3d 2, 5 (2d Cir. 1994) (holding that the "reasonable foreseeability" requirement does not apply to conduct "that the defendants personally undertakes" and that the Sentencing Guidelines, including the definition of relevant conduct in U.S.S.G. § 1B1.3, "are simply an extension of the statutory sentencing scheme"); United States v. Chalarca, 95 F.3d 239, 243 (2d Cir. 1996) ("[T]he quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction.") (construing the Sentencing Guidelines); United States v. Castrillon, 376 F.3d 46,

47 (2d Cir. 2004) (per curiam)
(same) (construing 21 U.S.C.
§ 846).

## REQUEST NO. 19

### Counts Two, Three, and Four:
### Aiding and Abetting

With respect to Counts Two, Three, and Four, the defendants AMAURY LOPEZ JR., FABIO MOREL, and AMAURY LOPEZ SR. are also charged with "aiding and abetting." In Counts Two, Three, and Four, the defendants are charged not only as a principal who committed the crimes, but as an aider and abettor of the crime as well. The aiding and abetting statute, Title 18, United States Code, Section 2, reads, in part, as follows:

> Whoever commits an offense against the United States or aids or abets or counsels, commands induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant you are considering physically committed the crime with which the defendant is charged in order for you to find the defendant guilty. Thus, if you do not find beyond a reasonable doubt that the defendant you are considering committed the crime charged, you may, under certain circumstances, still find the defendant you are considering guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if the defendant committed it himself. Accordingly, you may find the defendant you are considering guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another

44

person actually committed the crime and that the defendant you are considering aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant you are considering aided or abetted the commission of the crime.

To aid or abet another to commit a crime, it is necessary that the defendant you are considering willfully and knowingly associate himself in some way with the crime and that the defendant willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is

not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant you are considering aided or abetted the commission of the offense of distribution and possession with intent to distribute cocaine, as charged in Counts Two and Three, ask yourself these questions:

– Did the defendant you are considering participate in the crime charged as something the defendant wished to bring about?

– Did the defendant you are considering associate himself with the criminal venture knowingly and willfully?

- Did the defendant you are considering seek by his actions to make the criminal venture succeed?

If the defendant you are considering did, then the defendant is an aider and abettor and therefore guilty as an aider and abettor of the offense.  If the defendant did not, then the defendant is not an aider and abettor, and is not guilty as an aider and abettor of that offense.

> Adapted from Sand, et al., Modern Federal Jury Instructions, ¶ 11.01; from the charge approved in United States v. Stanchich, 550 F.2d 1294, 1300 (2d Cir. 1977).  See United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069, 1078-80 (2d Cir. 1981) (same).

## REQUEST NO. 20

## Venue

In addition to all the elements that I have just described for you for the counts in the Superseding Indictment, you must decide whether any act in furtherance of the crime occurred within the Southern District of New York. The Southern District of New York includes, among other places, Manhattan, the Bronx, and Westchester County, New York. It also includes the contiguous waters between those places and the districts adjoining them – that is, the Southern District of New York includes the bridges that cross the East River and the Hudson River.

In this regard, the Government need not prove that the crime was committed in this District or that the defendant you are considering was present here. It is sufficient to satisfy this element if any act in furtherance of the crime occurred in this District.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York. Thus, the Government has satisfied its venue obligations if you conclude that it is more

likely than not that any act in furtherance of the crime charged occurred within this District.

If you find that the Government has failed to prove this venue requirement, then you must acquit the defendants of this charge.

> Adapted from the charges of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), and Tr. at 439; the Honorable Charles S. Haight, Jr. in <u>United States</u> v. <u>Rogers</u>, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 3-11.  <u>See also</u> <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by preponderance standard), <u>cert</u>. <u>denied</u>, 112 S. Ct. 660 (1991).

**Expert Witnesses**
**[If Applicable]**

You have heard testimony from what we call expert witnesses.  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience,

and the other evidence does not give you reason to doubt his

conclusions, you would be justified in placing reliance on his

testimony.

> Adapted from the charge of the
> Honorable Pierre N. Leval in <u>United
> States</u> <u>v.</u> <u>Mucciante,</u> 91 Cr. 403 (PNL)
> (S.D.N.Y. 1992), and from the charge of
> the Honorable Michael B. Mukasey in
> <u>United</u> <u>States</u> <u>v.</u> <u>Mensah</u>, 91 Cr. 705
> (MBM) (S.D.N.Y. 1991).

## REQUEST NO. 22

## Variance in Dates

You will note that the Superseding Indictment alleges that certain acts occurred on or about various dates. I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month. The law requires only a substantial similarity between the dates and months alleged in the Superseding Indictment and the dates and months established by the evidence.

> Adapted from the charged of Judge Edward Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972), and from the charge of Judge Charles Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974), cert. denied, 420 U.S. 977 (1975).

**REQUEST NO. 23**

**Particular Investigative Techniques Not Required**
**[If Applicable]**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the guilt of the defendant you are considering has been proved beyond a reasonable doubt.

> Adapted from the charges of Hon. Loretta A. Preska in United States v. Ronald Davidson, No. 97 Cr. 490 (LAP) (S.D.N.Y. 1998); Hon. Pierre N. Leval in United States v. Mucciante, No. 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and Hon. John F. Keenan in United States v. Medina, No. 912 Cr. 894 (JFK) (S.D.N.Y. 1992).

## REQUEST NO. 24

### Use of Audio Recordings and Transcripts

Audio recordings and transcripts of those recordings have been admitted into evidence.  Whether you approve or disapprove of the recording of the activity may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant you are considering.

In connection with these tapes, you heard testimony that some of the conversations were in Spanish.  For that reason, it was necessary for the Government to obtain translations of those conversations into English.  The transcripts of those conversations embody the testimony of the Spanish interpreter called by the Government to testify [OR as stipulated by the Government and the defendant.]  These transcripts were admitted into evidence. [To the extent that you accept or reject the testimony of that interpreter, you may accept or reject the transcripts themselves.]  Remember that the jury is the ultimate fact-finder and, as with all of the

evidence, you may give the transcripts such weight, if any, as you believe they deserve.

If you wish to view any of the transcripts, they will be made available to you during your deliberations. [If Applicable: Certain redactions, or deletions, have been made in the transcripts and from the CD copies of the recordings at the direction of the Court.  You should draw no adverse inference against either party as a result of these redactions, nor should you speculate on what may have been redacted.]

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-11, and the charges of the Honorable Harold Baer, Jr. in United States v. Garcia Sanchez, 01 Cr. 908 (HB) (S.D.N.Y. 2002), the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995); see United States v. Franco, 136 F.3d 622, 626 (9th Cir. 1998) (holding that although transcripts ordinarily are only aids to the jury, "[w]hen the tape is in a foreign language . . . such an instruction is not only nonsensical, [but] it has the potential for harm where the jury includes bilingual jurors."); United States v. Bahadar, 954 F.2d 821, 831 (2d Cir. 1992) (approving submission of foreign-language translation transcripts as evidence to jury); United States v. Vasquez, 605 F.2d 1269, 1272 & n.4 (2d Cir. 1979) (proper to play Spanish language tapes and to provide translated transcripts to jury, with cautionary instruction that jury is ultimate factfinder); United States v. Llinas, 603 F.2d 506, 508-09 (5th

Cir. 1979) (transcripts embody testimony of interpreter; proper to provide transcripts to jury because defense may use its own interpreter to testify to accuracy).

**Cooperating Witness**

You have heard from witnesses who have testified that they were involved in criminal conduct, and who subsequently pleaded guilty to their criminal conduct pursuant to what is called a "cooperation agreement" with the Government.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and convictions should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony

should be scrutinized with care and caution.  The fact that a witness is a cooperating witness can be considered by you as bearing upon his credibility.  It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful testimony.

Like the testimony of any other witness, a cooperating witness's testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You have heard testimony about an agreement between the Government and cooperating witnesses.  I must caution you that it is no concern of yours why the Government made an agreement with a particular witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the

witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 7-5; from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in United States v. Projansky, 465 F.2d 123, 136 n.25 (2d Cir. 1972) (specifically approving charge set forth in footnote). See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it

may well find these witnesses to be truthful, in whole or in part.")(citations omitted), and <u>United States</u> v. <u>Cheung Kin Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); <u>see also</u> <u>United States</u> v. <u>Swiderski</u>, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

**REQUEST NO. 26**

**Use Of Evidence Obtained Pursuant to Consensual Recordings**

You have heard and seen evidence obtained from consensual recordings.  This evidence was also lawfully obtained, and properly admitted in this case.  Whether you approve or disapprove of the recording of those conversations may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved a defendant's guilt beyond a reasonable doubt.

> Sand, et al., Modern Federal Jury
> Instructions, Instr. 5-11; adapted from
> the charge of Judge Pierre N. Leval in
> United States v. Mucciante, 91 Cr. 403
> (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 27

## Use of Evidence Obtained Pursuant to Search

You have heard testimony about evidence seized during searches by law enforcement authorities.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the guilt beyond a reasonable doubt of the defendants you are considering.

> Adapted from the charges of Judge Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992), and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 28

### Law Enforcement Witnesses

You have heard testimony of law enforcement officials. The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, et al., Modern Federal
Jury Instructions, Instr. 7-16.

# REQUEST NO. 29

## Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey
> in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>,
> 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

## REQUEST NO. 30

## Stipulation of Facts
### [If Applicable]

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand, et al., Modern Federal Jury
Instructions, Instr. 5-6.

## REQUEST NO. 31

## Stipulation of Testimony
## [If Applicable]

In this case you have heard evidence in the form of various stipulations of testimony.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

> Adapted from the charge of Judge Pierre
> N. Leval in United States v. Mucciante,
> 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and
> from Sand, et al., Modern Federal Jury
> Instructions, Instr. 5-6 & 5-7.

## REQUEST NO. 32

## Persons Not on Trial or Not Indicted

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that certain persons other than the defendants were not named as defendants in the Superseding Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendants.

> Adapted from Judge Werker's charge in United States v. Barnes et al., S 77 Cr. 190 (Nov. 29, 1977), aff'd, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907 (1980). Adapted from Judge Pollack's charge in United States v. Bynum, 71 Cr. 1169 (S.D.N.Y. 1971), and from Sand, et al., Modern Jury Instructions, Instr. 3-4.

Adapted from the charge of Judge Leisure in <u>United States</u> v. <u>Parra and Ortega</u>, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004).

## Defendant's Right Not to Testify
### [If Requested by Defense]

The defendant(s) [AMAURY LOPEZ JR., a/k/a "Junior," AMAURY LOPEZ SR., and/or FABIO MOREL, a/k/a "Fabian Luna," a/k/a "Efrain Delvalle"] did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant(s) [AMAURY LOPEZ JR., a/k/a "Junior," AMAURY LOPEZ SR., and FABIO MOREL, a/k/a "Fabian Luna," a/k/a "Efrain Delvalle"] did not testify.  No adverse inference against the defendant(s) may be drawn by you because the defendant(s) did not take the witness stand.  You may not consider this against the defendants in any way in your deliberations in the jury room.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-21.

## REQUEST NO. 34

## Defendant's Testimony
## [Requested Only If a Defendant Testifies]

The defendant(s) [AMAURY LOPEZ JR., a/k/a "Junior,"
AMAURY LOPEZ SR., and/or FABIO MOREL, a/k/a "Fabian Luna," a/k/a
"Efrain Delvalle"] testified at trial.  You should examine and
evaluate his testimony just as you would the testimony of any
witness with an interest in the outcome of the case.

Adapted from United States v. Gaines,
457 F.3d 238 (2d Cir. 2006).

## REQUEST NO. 35

## Statements of a Defendant
## [If Applicable]

There has been evidence that defendant FABIO MOREL, a/k/a "Fabian Luna," a/k/a "Efrain Delvalle," made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations. I instruct you that no one's rights were violated and that the government's use of this evidence is entirely lawful.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-19, and from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government's use of tape recordings).

## REQUEST NO. 36

## Character Testimony
## [If Applicable]

You have heard testimony that certain of the defendants [If applicable, "specifically, AMAURY LOPEZ JR., a/k/a "Junior," AMAURY LOPEZ SR., and/or FABIO MOREL, a/k/a "Fabian Luna," a/k/a "Efrain Delvalle"] has a good reputation for honesty and truthfulness in the community where he lives and works.  That testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendants.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant you are considering is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant you are considering merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of a defendant. [If applicable: Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]  The guilt or non-guilt of the defendants is

for you alone to determine, and should be based on all the

evidence you have heard in the case.

> Adapted from Sand, _et al._, _Modern Federal Jury Instructions_, Instr. 5-15; and from the charge in _United States_ v. _Pujana-Mena_, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

**REQUEST NO. 37**

**Uncalled Witness**
**Equally Available to Both Sides**
**[If Applicable]**

There are people whose names you heard during the course of the trial but did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendants in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 6-7.

## Limiting Instruction - Similar Act Evidence
### [If Applicable]

You will recall that some evidence introduced by the Government was received for a limited purpose. Specifically, you heard testimony regarding the defendants [**Insert Summary of Relevant Testimony**]. The Government offered this evidence to demonstrate the defendants's identity, intent and knowledge, and to establish the absence of mistake or accident with regard to the offenses that are charged in the Superseding Indictment. You may not consider this evidence as a substitute for proof that the defendants committed any of the crimes charged in the Superseding Indictment. Nor may you consider this evidence as proof that any of the defendants has a criminal personality or bad character. This evidence about the defendants [**Insert Summary of Relevant Testimony**] was admitted for a much more limited purpose and you may consider it only for that limited purpose.

Specifically, if you determine that the defendant you are considering committed any of the acts charged in the Superseding Indictment, then you may, but you need not, draw an inference from the evidence of the defendant [**Insert Summary of Relevant Testimony**] that the defendant you are considering acted knowingly and intentionally with respect to the specific charge, as charged in the Superseding Indictment, and not because of some

mistake, accident, or other innocent reasons.  The evidence of the defendants [**Insert Summary of Relevant Testimony**] may not be considered by you for any other purpose than what I have just explained to you.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25; see also United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

## Charts and Summaries
### [If Applicable]

Some of the witnesses testified with respect to various charts, schedules, and summaries that were based on other evidence in the case. The documents from which they were made are before you as evidence. The charts, schedules, and summaries were intended to make the other evidence more meaningful and to aid you in considering the evidence. Such charts, schedules, and summaries are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts, schedules, and summaries than you would give to the underlying evidence.

It is for you to decide whether the charts, schedules, and summaries correctly present the information contained in the testimony and in the exhibits on which they were based. In the event that a chart, schedule, or summary differs from your recollection of the testimony or actual documents on which the chart, schedule, or summary is based, you are to rely on the testimony or actual document, not the chart, schedule, or summary. You are entitled to consider the charts, schedules and summary if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from the charge of the Honorable
Leonard B. Sand in United States v. Rigas, 02
Cr. 1236 (LBS).

## **CONCLUSION**

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendants with respect to the charges of the Superseding Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973).  <u>See also</u> <u>United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated:  New York, New York
        September 14, 2011

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
 of America

By:_____/s/_____
   Aimee Hector/David Miller
   Assistant United States Attorneys
   Telephone: (212) 637-2203/2484