UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                :
UNITED STATES OF AMERICA                        :
                                                :     S2  10-cr-798-PAC-1
      -against-                                 :
                                                :     **OPINION & ORDER**
AMAURY LOPEZ, JR.,                              :
                                                :
              Defendant.                        :
                                                :
------------------------------------------------------X

      Defendant Amaury Lopez, Jr. moves for modification of his life sentence pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) and (c)(2). He asks the Court to either resentence him "at the low end of the guideline range (324–405 months) or, in the alternative, immediately release him for deportation and home confinement for the remaining duration of his prison term." Mot. Compassionate Release 1, ECF No. 221 ("Def.'s Mot."). Lopez, Jr. contends that the COVID-19 pandemic and his rehabilitation efforts in prison constitute extraordinary and compelling reasons that warrant a sentence reduction, and that the reduction he seeks would be consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* at 2–6. Lopez, Jr. has failed to establish extraordinary and compelling reasons, and even if he had, a sentence reduction would be inconsistent with the § 3553(a) factors. Accordingly, Lopez, Jr.'s motion is denied.

## BACKGROUND

      On September 21, 2011, a jury found Lopez, Jr. guilty of conspiring to distribute or possess with intent to distribute five kilograms or more of cocaine[1] (Count One, (S2) Superseding Indictment 1–3, ECF No. 75) and distributing or possessing with intent to distribute

---

[1] In violation of 21 U.S.C. § 846.

1

500 grams or more of cocaine[2] (Count Two, (S2) Superseding Indictment 3–4). Jury Verdict Form 2, ECF No. 89. Between 2002 and 2010, Lopez, Jr. was the head of a drug trafficking organization (the "Lopez Organization") that shipped over 1,000 kilograms of cocaine from Puerto Rico to New York for distribution and sent hundreds of thousands of dollars of drug proceeds back to Puerto Rico. Govt's' Mem. Opp'n 1–2, ECF No. 224; *see also* Presentence Investigation Report ¶ 16 ("PSR").[3] The Lopez Organization's drug transactions were "worth millions of dollars." Gov't's Mem. Opp'n 1.

On July 19, 2012, this Court sentenced Lopez, Jr. to terms of life imprisonment on each Count, to run concurrently, followed by 10 years' supervised release on Count One and eight years' supervised release on Count Two, to run concurrently. Sent'g Tr. 28:12–31–13, ECF No. 154; *see also* Judgment 2–3, ECF No. 149. The Second Circuit affirmed Lopez, Jr.'s conviction and sentence on appeal. *United States v. Lopez*, 572 F. App'x 1, 4 (2d Cir. 2014).[4] In 2017, the Court denied Lopez, Jr.'s habeas petition to vacate, set aside, or correct his conviction and sentence. *Lopez v. United States*, Nos. 16 Civ. 3342, 10 Cr. 798, 2017 WL 1424328, at *11 (S.D.N.Y. Apr. 20, 2017). Lopez, Jr. is presently incarcerated at United States Penitentiary Lewisburg ("USP Lewisburg"). Def.'s Mot. 2.

---

[2] In violation of 21 U.S.C. § 841(b)(1)(B).

[3] PSRs are not publicly filed. Probation Services prepares PSRs for the Court as an arm of the Court; thus, they are internal court documents that are not subject to a presumption of access under the First Amendment or the common law. *United States v. Sater*, No. 98-CR-1101, 2019 WL 3288389, at *2 n.3 (E.D.N.Y. July 22, 2019); *United States v. Blasczak*, No. 18-CR-6107-FPG-MJP, 2021 WL 1292910, at *2 (W.D.N.Y. Apr. 7, 2021); *In re Motion for Civ. Contempt By John Doe*, No. 12-mc-0557, 2016 WL 3460368, at *4 (E.D.N.Y. June 22, 2016).

[4] In the same order, the Second Circuit affirmed the conviction and sentence of Lopez, Jr.'s right-hand man, Fabio Morel. Morel recently filed a renewed motion for compassionate release (ECF No. 222), which the Court addresses in a separate order.

## DISCUSSION

### I. Applicable Law

Apart from a few limited exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." § 3582(c); *United States v. Musa*, 502 F. Supp. 3d 803, 809 (S.D.N.Y. 2020). Section 3582(c)(1)(A)(i), as amended by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391 ("FSA") provides one of those exceptions. Under this "so-called compassionate release provision," *United States v. Maldonado*, No. 16 CR 285, 2021 WL 639069, at *1 (S.D.N.Y. Feb. 17, 2021), a defendant may directly petition the court for a sentence reduction after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

After the defendant meets this administrative exhaustion requirement, the court may reduce his sentence if (1) it finds the defendant has demonstrated that "extraordinary and compelling reasons warrant such a reduction" (§ 3582(c)(1)(A)(i); *Musa*, 502 F. Supp. 3d at 809); and (2) a sentence reduction would be consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) (*see* § 3582(c)(1)(A); *United States v. Peterkin*, No. 05-cr-538-02, 2021 WL 1948513, at *1 (S.D.N.Y. May 13, 2021)). Where a defendant brings a compassionate release motion on his own behalf (rather than through the BOP), none of the Sentencing Commission's policy statements cabin the court's discretion; rather, the court is free "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it]." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *see also id.* at 238 n.5. The court's discretion is subject to only one statutory constraint: it shall not consider

3

rehabilitation alone an extraordinary and compelling reason. *Id.* at 237–38 (quoting 28 U.S.C. § 994(t)).

Section 3582(c)(2) provides another exception to the general rule that terms of imprisonment must lie undisturbed. Section 3582(c)

> permits a court to reduce a defendant's term of imprisonment "when a defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the Sentencing Commission," though "only after considering the factors set forth in Section 3553(a) of Title 18 [ ] and upon a finding that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*United States v. Medrano*, No. 06-CR-61, 2021 WL 1856676, at *1 (S.D.N.Y. May 10, 2021) (citations omitted) (alteration in original). United States Sentencing Guideline § 1B1.10 is the applicable policy statement for sentence reductions granted based on amended Guidelines ranges. *See id.*

The Sentencing Commission adopted Amendment 782 in 2014, after Lopez, Jr. was sentenced. United States Sentencing Commission, *2014 Drug Amendment*, https://www.ussc.gov/topic/2014-drug-amendment#0 (last visited July 2, 2021). Amendment 782 "lower[ed] the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses," while Amendment 788 "authorized retroactive application of Amendment 782 to those sentenced before its effective date [in 2014]." *Medrano*, 2021 WL 1856676, at *2 (quoting *United States v. Vargas*, 74 F. Supp. 3d 601, 602 (S.D.N.Y. 2015)) (second alteration in original).

4

## II. Application

### a. § 3582(c)(1)(A)(i)

#### i. Exhaustion

Lopez, Jr. requested compassionate release from his warden at USP Lewisburg on September 1, 2020, and the warden denied his request on September 4, 2020. Def.'s Mot. 2; Gov't's Mem. Opp'n 3. Accordingly, Lopez, Jr. has satisfied § 3582(c)(1)(A)'s exhaustion requirement. *United States v. Dodaj*, No. 17-CR-219, 2021 WL 2414854, at *3 (S.D.N.Y. June 11, 2021).

#### ii. Extraordinary & Compelling Reasons

Lopez, Jr. has not, however, established extraordinary and compelling reasons that warrant a sentence reduction. *First*, his argument that COVID-19 provides a basis for release is unavailing, because the risks that the pandemic poses, without more, do not qualify as extraordinary and compelling. *United States v. Pabon*, No. 17 Cr. 312, 2021 WL 603269, at *3 (S.D.N.Y. Feb. 16, 2021). Lopez, Jr. has not pointed to any underlying health conditions that put him at a higher risk of contracting a severe form of COVID-19, and he has received both doses of the Moderna vaccine. *See generally* Def.'s Mot; Gov't's Mem. Opp'n 5. Because Lopez, Jr. is fully vaccinated, it is "highly unlikely he will contract COVID-19." *Pabon*, 2021 WL 603269. And COVID-19 is not running rampant at USP Lewisburg, where only one staff member is positive for COVID-19, and no inmates are positive. BOP, *Covid-19 Cases*, https://www.bop.gov/coronavirus/ (last visited July 2, 2021). Lopez, Jr. "presents only generalized concerns about the pandemic that fail to differentiate him from the mine run of federal prisoners who have been incarcerated during the past 15 months." *United States v. Hoey*,

15 Cr. 229, 2021 WL 2689215, at *5 (S.D.N.Y. June 30, 2021) (denying compassionate release to an inmate at USP Lewisburg).

*Second*, Lopez, Jr.'s rehabilitation in prison, alone, cannot constitute an extraordinary and compelling reason. *Brooker*, 976 F.3d at 237–38. Lopez, Jr.'s efforts at self-improvement, which include earning a Bachelor of Ministry Degree (Def.'s Mot. Ex. 3 at 10, ECF No. 221–3) and admission into USP Lewisburg's selective Work Cadre (Def.'s Mot. 5) are commendable. His clean disciplinary record (Def.'s Reply Ex. 1 at 1, ECF No. 225–1), letters from BOP staff attesting to his character and work ethic (Def.'s Mot. Ex. 2 at 1–9, ECF No. 221–2), and letters of support from his fellow inmates (Def.'s Mot. Ex. 3 at 1), his family and friends (Def.'s Mot. Ex. 5 at 2–32, ECF No. 221–5), and his church community (Def.'s Mot. Ex. 5 at 1) all speak to Lopez, Jr.'s good characteristics, a relevant factor under § 3553(a)(1). But alone, they cannot provide an extraordinary and compelling reason for reducing his sentence.

*United States v. Hasanoff*, No. 10-CR-162, 2020 WL 6285308, at *1 (S.D.N.Y. Oct. 27, 2020) and *United States v. Millan*, No. 91-CR-685, 2020 WL 1674058, at *1 (S.D.N.Y. Apr. 6, 2020), which found extraordinary rehabilitation and which Lopez, Jr. cites in support of his position, are distinguishable. In *Hasanoff*, the court found extraordinary and compelling reasons based on the defendant's extraordinary rehabilitation *and* family circumstances. 2020 WL 6285308, at *6. Here, Lopez, Jr. raises rehabilitation alone. In *Millan*, the court found extraordinary and compelling reasons because, in addition to the defendant's extraordinary rehabilitation, remorse, conduct in prison, character, and religious leadership in the prison community, several BOP staff members specifically supported the defendant's release and further incarceration would have resulted in a sentencing disparity between the defendant and his co-defendants (except for one who died in prison and one who had unique circumstances, the

remaining seven co-defendants had all been released). 2020 WL 1674058, at *14, *15 & n.8, *16. By contrast, the BOP staff letters that Lopez, Jr. included with his motion do not ask the Court to modify Lopez, Jr.'s sentence, but only praise his hard work and ability to get along with inmates and staff. And Lopez, Jr. has not argued that his continued incarceration creates an unwarranted sentencing disparity. Even if he had, Lopez, Jr. is distinguishable from his co-defendants, as the Court recognized at sentencing, because he was the leader of their drug trafficking organization. Sent'g Tr. 27:16–28:16; *see also id.* at 26:2–4 ("There is nobody else who even comes close to the authority that he exercised, the reins that he had in the generation of the scheme and its perpetuation.").

Lopez, Jr. has not established extraordinary and compelling reasons that warrant a sentence reduction, but even if he had, the Court would deny his motion because a sentence reduction would be inconsistent with the § 3553(a) factors.

### iii. § 3553(a) Factors

The Lopez Organization operated for eight years with Lopez, Jr. at the helm, during which it handled a large amount of drugs and money, used violence, threats, and firearms, and took a life. *See* Sent'g Tr. 26:16–21. The Court previously characterized this as "a most serious matter" which has "done incalculable damage to our society." *Id.* at 26:22, 26:25–27:1. Lopez, Jr. incurred a two-level offense enhancement because he hired someone to kill a man who had threatened to steal Lopez, Jr.'s drug proceeds; the victim "was fatally shot in the head." PSR ¶ 45; Sent'g Tr. 3:5–6; 12:20–23. Lopez, Jr. incurred an additional two-level enhancement "for maintaining a premises for the purpose of manufacturing and distributing a controlled substance," and another two-level enhancement for committing the instant offense while he was under a criminal justice sentence. *Id.* at 3:6–8; 12:20–13:3. As a result of the instant offense, the

7

Court ordered Lopez, Jr. to forfeit $26,000,000, for which he was held jointly and severally liable with co-defendant Fabio Morel. Prelim. Order Forfeiture 3, ECF No. 150. Lopez, Jr.'s criminal history of persistent violence and drug use in defiance of the law despite "multiple opportunities to correct his behavior" led the Court to conclude that Lopez, Jr. needs specific deterrence. Sent'g Tr. 27:25–28:5. Further, the Court determined that "the public needs to be reminded [that] if you engage in drug dealing, you are exposing yourself to serious punishment because of the harm it's done." *Id.* 28:5–7. The Court's views in this regard have not changed since sentencing Lopez, Jr. *See United States v. Kosic*, No. 18 Cr. 30, 2021 WL 1026498, at *5 (S.D.N.Y. Mar. 17, 2021).

The sentencing factors that weigh in Lopez, Jr.'s favor, such as his history while incarcerated and the reduced risk of danger that he poses to the public now compared to when he was sentenced (§ 3553(a)(1), (c)), are outweighed by "the nature and circumstances of the offense" (Lopez, Jr.'s leadership role in a large-scale, long-running, violent, international cocaine distribution conspiracy) and the need for his sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," and " to afford adequate deterrence to criminal conduct." § 3553(a), (a)(2)(A)–(B); *see United States v. Brunetti*, No. 01 Cr. 257, 2021 WL 1326894, at *5 (S.D.N.Y. Apr. 9, 2021); *United States v. Paredes-Cordova*, No. S8 03 Cr. 987, 2021 WL 761849, at *5 (S.D.N.Y. Feb. 26, 2021). Accordingly, a sentence reduction under § 3582(c)(1)(A)(i) is not appropriate.

**b. § 3582(c)(2)**

Lopez, Jr. also very briefly mentions Amendment 782, but does not specify how it applies here (e.g., how it would affect the Guidelines range calculation, or how a reduction

would be consistent with the applicable policy statement).[5] *See* Def.'s Mot. 4. Even if Amendment 782 applies to Lopez, Jr., the Court would not rely on it to reduce his sentence under § 3582(c)(2), because such a reduction would be inconsistent with the § 3553(a) factors, as discussed above. *See United States v. Orlandez-Gamboa*, No. 99 Cr. 654, 2021 WL 2582077, at *4 (S.D.N.Y. June 23, 2021).

## CONCLUSION

Because he has not demonstrated extraordinary and compelling reasons warranting a sentence reduction, and even if he had, a reduction would be inconsistent with § 3553(a)'s sentencing goals, Lopez, Jr.'s motion for a sentence reduction or immediate release is denied.

The Clerk of Court is directed to close the motion at ECF number 221.

Dated: New York, New York
July __, 2021

SO ORDERED

*Paul A Crotty*

HONORABLE PAUL A. CROTTY
United States District Judge

---

[5] Similarly, Lopez, Jr. briefly mentions that "[i]n light of the recently enacted First Step Act on December 21, 2018, with its retroactivity to the Fair Sentencing Act of 2010, Mr. Lopez[,] Jr. believes that today his sentence would have been reduced given this relevance; he is presently eligible for a low-end sentencing range. Also, Petitioner is eligible for the benefits of the First Step Act that was recently enacted on December 21, 2018, with its retroactive applicability." Def.'s Mot. 4. Lopez, Jr. does not specify which section of the First Step Act applies to him, why it applies, or what its effect would be. The Court will not "create arguments out of whole cloth" for a defendant even when he represents himself, much less when (as here) he is represented by counsel. *United States v. Bethea*, 388 F. App'x 20, 21–22 (2d. Cir. 2010). Accordingly, the Court declines to rule on Lopez, Jr.'s claim that the FSA entitles him to a sentence reduction.

9